UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jane Doe, ) | C/A No. 6:23-cv-3580-TMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Gerard J. Hildebrandt, *Officer*; ) | |
| Travelers Rest, City of, ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's motion to quash Defendant Hildebrandt's subpoenas directed to non-parties Easley Family Practice & Internal Medicine, Baptist Easley Hospital, and Woodward Medical Center (the "Medical Providers"). (ECF No. 23.) Plaintiff, represented by counsel, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of her civil rights. (ECF No. 1.) Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., all pretrial matters in this action are referred to the undersigned United States Magistrate Judge for consideration.

Plaintiff commenced this action by filing a Complaint on July 25, 2023. (ECF No. 1.) Both Defendants, represented by counsel, filed their respective Answers on August 15, 2023. (ECF Nos. 9; 12.) On November 20, 2023, Plaintiff filed her motion to quash Defendant Hildebrandt's subpoenas directed to the Medical Providers. (ECF No. 23.) Defendant Hildebrandt filed a response in opposition to the motion to quash on November 28, 2023. (ECF No. 26.) Plaintiff's motion is ripe for review.[1]

---

[1] Plaintiff's counsel has acknowledged that no attempt to confer with opposing counsel was made prior to filing the motion to quash due to a death in the family of the

**BACKGROUND**

Plaintiff makes the following pertinent allegations in her Complaint. (ECF No. 1.) On July 3, 2022, Plaintiff was involved in a verbal dispute with her boyfriend and called the police. (*Id*. ¶ 8.) Defendant Hildebrandt responded to the residence and told Plaintiff that, if she did not do what he told her, she would be taken to jail. (*Id.* ¶¶ 9–10.) Defendant Hildebrandt then instructed Plaintiff to leave the residence and follow him in her car to a local park where she could "'sober up'" so she would not be charged with driving under the influence. (*Id*. ¶ 12.) Defendant Hildebrandt then led Plaintiff to a secluded area on the campus of Travelers Rest High School where he sexually assaulted her. (*Id*. ¶¶ 12–14.) While assaulting Plaintiff, Defendant Hildebrandt wore his uniform and service weapon. (*Id*. ¶ 15.) The assault left Plaintiff with vaginal tears and "bruises from her collarbone to her toes." (*Id*. ¶ 16.) As a result of the assault, Plaintiff has suffered "significant mental and emotional trauma." (*Id*. ¶ 17.)

Plaintiff makes additional allegations concerning Defendant Hildebrandt's history of violating the rights of other individuals while employed by various law enforcement agencies. (*Id*. ¶¶ 18–25.) Plaintiff also makes numerous allegations concerning Defendant Travelers Rest and its role in the alleged deprivation of her rights. (*Id*. ¶¶ 26–35.)

Based on these allegations, Plaintiff asserts the following causes of action. For a first cause of action, Plaintiff asserts a claim against Defendant Hildebrandt for an

---

primary attorney handling this matter. (ECF No. 23 ¶ 13.) This has necessitated the Court's involvement in a discovery dispute that might have been resolved between the parties if they had engaged in the communication required by the Federal Rules and the Local Civil Rules. *See* Local Civ. Rule 7.02, D.S.C. In the future, this Court expects the parties to consult in good faith before any nondispositive motion is filed, as required by the Local Rules.

unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.  (*Id*. ¶¶ 36–49.)  For a second cause of action, Plaintiff asserts a claim against Defendant Hildebrandt for excessive use of force in violation of the Fourth and Fourteenth Amendments.  (*Id*. ¶¶ 50–63.)  For a third cause of action, Plaintiff asserts a claim against Defendant Travelers Rest for excessive use of force in violation of the Fourth and Fourteenth Amendments and *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  (*Id*. ¶¶ 64–75.)  For a fourth cause of action, Plaintiff asserts a claim against Defendant Travelers Rest for gross negligence.  (*Id*. ¶¶ 76–94.)  For her relief, Plaintiff seeks money damages.  (*Id*. at 16.)

## APPLICABLE LAW

The scope of discovery is broad and a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection," and such motion may be made if a party fails to produce documents. *Livingston Jr. v. Copart of Connecticut, Inc.*, No. 3:17-cv-2543-JFA, 2020 WL 8167497, at *3 (D.S.C. May 21, 2020) (citing Fed. R. Civ. P. 37(a)(3)(A)–(B)).  However, the court "must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i). The court "may, for good cause, issue an order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense" by forbidding the discovery of the material at issue. Fed. R. Civ. P. 26(c)(1).

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas in federal courts. "Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control." *In re Rule 45 Subpoena Issued to Robert K. Kochan*, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. Nov. 26, 2007) (citing Fed. R. Civ. P. 45(a)(1)(C)). "The scope of discovery for a nonparty litigant under a subpoena duces tecum issued pursuant to Rule 45 is the same as the scope of a discovery request made upon a party to the action under Rule 26." *Alston v. DIRECTV, Inc.*, No. 3:14-cv-04093-JMC, 2017 WL 1665418, at *2 (D.S.C. May 3, 2017); *see also HDSherer LLC v. Nat'l Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013) (explaining the scope of discovery allowed under a Rule 45 subpoena is equivalent to the scope of discovery allowed under Rule 26).

Rule 45 permits a district court to quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "A subpoena that seeks information irrelevant to the case is a per se undue burden," and "[a] subpoena that would require a non-party to incur excessive expenditure of time or money is unduly burdensome." *Livingston Jr.*, 2020 WL 8167497, at *4. Determining whether a subpoena is unduly burdensome is within the discretion of the district court. *Bland v. Fairfax Cty.*, 275 F.R.D. 466, 468 (E.D. Va. 2011) ("The decision whether to enforce or quash a party's subpoena is within the district court's discretion."). "The burden of proving that a subpoena is oppressive is on the party moving to quash." *In re Travessia Securitizadora de Creditos*

4

*Financeiros X S.A.*, — F. Supp. 3d —, No. 2:23-MC-00576-RMG, 2024 WL 356533, at *5 (D.S.C. Jan. 19, 2024) (internal quotation marks and citation omitted).

## DISCUSSION

As noted, Plaintiff has filed a motion to quash Defendant Hildebrandt's subpoenas to the Medical Providers under Rule 45(d)(3)(A)(iv), arguing that the subpoenas are overly broad and unduly burdensome. (ECF No. 23 at 1.) On November 10, 2023, Defendant Hildebrandt served Plaintiff with a 10-day notice of intent to subpoena her medical records from the Medical Providers to include records from her first visit with each Medical Provider through the present.[2] (*Id*. ¶¶ 1–2.) Plaintiff notes that the underlying incident forming the basis of this lawsuit occurred on July 3, 2022. (*Id*. ¶ 3.) Plaintiff contends that Defendant's subpoenas seek medical information about Plaintiff prior to and unrelated to the incident at issue. (*Id*. ¶ 4.) Plaintiff argues the subpoenas "seek information and documents that are irrelevant to the case, and thus [are] overbroad." (*Id*. ¶ 5.)

In response to the motion, Defendant Hildebrandt argues that the "subpoenas place no burden whatsoever" on Plaintiff and that she "does not have standing to move to quash the subpoenas or otherwise challenge them on that ground." (ECF No. 26 at 1.) Additionally, Defendant argues that Plaintiff's medical records are discoverable and relevant because her alleged injuries—including significant mental and emotional trauma—make her medical history an issue in this personal injury case. (*Id*. at 4–5.)

The Court agrees. As explained below, Plaintiff lacks standing to move to quash the subpoenas on the ground of undue burden, and, in any event, the subpoenas at issue

---

[2] Neither party has provided to the Court a copy of the challenged subpoenas.

seek relevant information, are reasonably calculated to lead to the discovery of admissible evidence, and are not overly broad or burdensome.

As an initial matter, Plaintiff lacks standing to assert a challenge to the subpoenas on the basis of an undue burden because the subpoenas are directed to non-parties and not to her. "[G]enerally a motion to quash a subpoena directed to a non-party must be brought by the non-party itself." *Zajac v. Red Wing, LLC*, No. 2:16-cv-1856-PMD, 2018 WL 9989662, at *2 (D.S.C. Feb. 27, 2018) (internal citations omitted). "[A] party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *U.S. v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005). Thus, at best, Plaintiff can challenge the subpoenas on the basis of privilege or "privacy" concerns related to the confidential nature of her medical records. *See Hayes v. SAFE Fed. Credit Union*, No. 3:19-cv-0881-SAL-TER, 2021 WL 3604238, at *2 (D.S.C. Aug. 13, 2021); *see also Adkins v. CMH Homes, Inc.*, No. 3:13-cv-32123, 2014 WL 7005856, at *2 (S.D.W. Va. Dec. 9, 2014) (noting the plaintiff in that case had "a personal right or privilege in the confidential information contained in her medical records, and thus a corresponding right to move to quash subpoenas *duces tecum* seeking those records"). However, Plaintiff does not assert a claim of privilege in her motion to quash.³ Therefore, Plaintiff lacks standing to challenge the subpoenas directed

---

³ Plaintiff contends that "Defendant's subpoenas include no limits to ensure that the only sensitive and private medical information he requests is 'confined to that information that is essential to a fair trial.'" (ECF No. 23 ¶ 9.) However, she makes that assertion simply to support her contention that Defendant's subpoenas are overbroad. (*Id*. ¶¶ 9–10.) But she does not challenge the subpoenas on the basis of privilege or privacy. Further, as Defendant Hildebrandt notes, Plaintiff did not request a protective order under Rule 26. (ECF No. 26 at 2.) In any case, to the extent Plaintiff has any privacy concerns about the production of her medical records, the "Consent Confidentiality Order" entered on January

6

to the Medical Providers on the basis that they are too broad or outside the scope of this case. *See Watty v. Sheriff of Clarendon Cnty.*, No. 4:10-cv-2056-JMC-TER, 2012 WL 269363, at *4 (D.S.C. Jan. 30, 2012) (noting that "a party does not have standing to challenge a subpoena issued to a non-party unless the party claims some privilege in the information sought by the subpoena" and finding the plaintiff in that case lacked standing to challenge the subpoenas at issue because the challenge was not based upon any privilege but, instead, was a challenge that the subpoenas were "too broad in time and that they invade his privacy interests").

Additionally, even if Plaintiff had standing to assert her challenge to the subpoenas, her argument would fail on the merits. Plaintiff contends that the subpoenas must be quashed under Rule 45(d)(3)(A)(iv)[4] because they impose an undue burden as they require the Medical Providers to produce all of her medical records. (ECF No. 23 at 2–3.) Defendant Hildebrandt argues that the subpoenas are not unduly burdensome because Plaintiff bears no burden herself in the production of the medical records and Defendant "is willing to bear the expense of the records produced by the [M]edical [P]roviders." (ECF No. 26 at 1, 4.) Additionally, Defendant Hildebrandt argues there is no other source from which to obtain the requested medical records that is more convenient, less burdensome, or less expensive. (*Id*. at 4.) And Defendant Hildebrandt notes that subpoenas like the

---

24, 2024, should adequately protect the confidentiality of those records. (ECF No. 34.)

[4] Plaintiff challenges the subpoenas solely under Rule 45 and does not make any argument concerning the limitations on the scope of discovery under Rule 26. Nevertheless, "regardless of whether the Court considers Plaintiff's Motion under Rule 45 or Rule 26, the Court must review Defendant's subpoenas under the relevancy standards set forth in Rule 26(b)." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012); *see also HDSherer LLC*, 292 F.R.D. 305, 308 (same).

ones at issue here are routine in personal injury cases. (*Id*. at 5.) The Court agrees and finds that Plaintiff has not met her burden to show the subpoenas constitute any undue burden on her or on the Medical Providers.

The crux of Plaintiff's argument is that the scope of the subpoenaed medical records exceeds the time period at issue in this case.[5] (*See* ECF No. 23 ¶¶ 9–10 (arguing that, because "Defendant's subpoenas are 'not tailored to the time at issue in the litigation,'" the "subpoenas are overbroad, rendering them a per se undue burden" ).) However, Plaintiff has not submitted evidence or argument to support her conclusory claim that the medical records sought are unduly burdensome.[6] "To prevail on the grounds of burdensomeness or breadth, the objecting party must do more to carry its burden than make conclusory and unsubstantiated arguments." *Adkins*, 2014 WL 4470539, at *3. Plaintiff has failed to do so.

---

[5] As noted, in challenging the subpoenas, Plaintiff invokes Rule 45 and not Rule 26. However, Plaintiff's argument that the information sought in the subpoenas is overbroad is governed by the same standard set forth in Rule 26(b)(1), which provides that a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. "When a subpoena issues under Rule 45 for the purpose of discovery, Rule 45 adopts the standard[s] codified in Rule 26. In other words, a subpoena used for discovery must comply with the scope and limits of discovery set forth in Rule 26." *Adkins*, 2014 WL 4470539, at *2 (internal quotation marks and citation omitted) (alteration in original).

[6] To be sure, "[w]hat is considered a 'burden' is not necessarily limited to the amount of time or resources complying with a request might require. 'For example, a subpoena may impose a burden by invading privacy or confidentiality interests.'" *M.R. by & through N.R. v. Tajdar*, No. TDC-17-cv-3836, 2019 WL 3323207, at *3 n.3 (D. Md. July 24, 2019) (quoting *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019)). However, as discussed, Plaintiff has not specifically identified any privacy or confidentiality concerns such that the Court should quash the subpoenas.

On the other hand, Defendant Hildebrandt argues that Plaintiff's medical history is relevant and that limiting the scope of her medical history "creates a risk that relevant preexisting conditions and former diagnoses will be excluded from production." (ECF No. 26 at 5–6.) The Court agrees. Plaintiff's medical history is relevant to this action as she is seeking damages for her injuries and mental and emotional trauma suffered as a result of the alleged sexual assault. "A party claiming compensatory damages for emotional distress, pain and suffering, and mental anguish puts her mental and physical condition at issue and must produce requested medical records." *Jimoh v. Charlotte-Mecklenburg Hous. P'ship, Inc.*, No. 3:08-cv-495-RJC-DCK, 2009 WL 4062881, at *1 (W.D.N.C. Nov. 20, 2009); *see also E.E.O.C. v. Dolgencorp, LLC*, No. 1:09-cv-700, 2011 WL 1260241, at *13 (M.D.N.C. Mar. 31, 2011) (collecting cases in the Fourth Circuit holding that medical records are subject to discovery where the plaintiff seeks damages for mental and emotional damages). Plaintiff has not demonstrated that her medical records are not relevant and, "while summarily claiming undue burden, [she] has made no effort to explain or show how the request is, in fact, unduly burdensome." *Blackwell v. Wideman*, No. 8:08-cv-1992-RBH, 2008 WL 11462906, at *1 (D.S.C. Oct. 7, 2008). Thus, Plaintiff has failed to satisfy her burden to show that the subpoenas are unduly burdensome, and her argument that the subpoenas should be quashed on that basis is without merit.[7] *See*

---

[7] Plaintiff's challenge to the subpoenas appears to be premised solely on the temporal scope of her medical records as being too broad. It is unclear whether she concedes that *any* of her medical records are discoverable and/or relevant or whether she believes the subpoenas could be modified to narrow the temporal scope of the medical records sought. "Rule 45 gives the Court discretion to modify an overbroad subpoena as an alternative to quashing it." *Champion Pro Consulting Grp., Inc. v. Impact Sports Footba*ll*, LLC*, No. 1:12-cv-27, 2014 WL 6686727, at *5 (M.D.N.C. Nov. 26, 2014). Here, to the extent Plaintiff does acknowledge the relevance of some part of her medical records,

*Groves v. City of Darlington*, No. 4:08-cv-0402-TLW-TER, 2010 WL 11474646, at *2 (D.S.C. Dec. 9, 2010).

Having carefully considered the parties' arguments and in light of the applicable law, the undersigned cannot conclude that the subpoenas are overly broad, unduly burdensome, or seek information beyond what is relevant to the case. The Medical Providers' records concerning Plaintiff's medical history and treatment are relevant to the claims and defenses in this case arising from Defendant's alleged sexual assault and injury to Plaintiff. Plaintiff has failed to meet her burden to show that the subpoenas subject her or the Medical Providers to any undue burden.

## **CONCLUSION AND ORDER**

In light of the foregoing, Plaintiff's motion (ECF No. 23) to quash Defendant Hildebrandt's subpoenas to the Medical Providers is DENIED.

IT IS SO ORDERED.

                                         s/Thomas E. Rogers, III
                                         Thomas E. Rogers, III
                                         United States Magistrate Judge

February 28, 2024
Florence, South Carolina

---

she has not offered any proposed limitations that might cure the alleged overbreadth. In any case, based on the record before the Court, the undersigned finds that the subpoenas are not overly broad nor unduly burdensome and modification of the subpoenas is therefore unnecessary.